IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04-63788 |
| | ) | |
| TECHNEGLAS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | Judge John E. Hoffman, Jr. |
| Reorganized Debtor. | ) | |

## FIRST AMENDED FINAL REPORT OF THE DEBTOR

The reorganized debtor (the "Reorganized Debtor") and the Post Confirmation Trustee (collectively, the "Trustee") for the BMC Group ITF, Post Confirmation Estate (under the Post Confirmation Entity Agreement dated November 1, 2005) (the "Trust") in the above-captioned chapter 11 case hereby submit this first amended final report (the "Final Report") pursuant to Rule 3022-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Ohio (as amended from time to time, the "Local Rules").[1]

1.  On September 1, 2004, the above-captioned debtor and debtor in possession (the "Debtor") filed a petition for relief under the Bankruptcy Code and commenced the above-captioned Chapter 11 case (the "Chapter 11 Case").

2.  On October 22, 2004, the Office of the United States Trustee for this district conducted the meeting of creditors pursuant to Section 341 of Title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code").

3.  By an order dated November 5, 2004 [Docket No. 284], this Court set January 14, 2005 as the last date for filing proofs of claim, with the exception that March 1, 2005 was fixed as the last date for filing proofs of claim on behalf of any Governmental Unit, as defined in section 101(27) of the Bankruptcy Code.

---

[1] On May 25, 2006, the Reorganized Debtor and the Trustee filed their Motion for an Order for a Final Decree Closing the Chapter 11 Case [Docket No. 1537] (the "Motion").

4. On October 7, 2005, the Bankruptcy Court confirmed the "First Amended Joint Plan of Reorganization of the Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code" (the "Plan") filed by the Debtor and certain of its affiliates (Nippon Electric Glass America, Inc. and Nippon Electric Glass Ohio, Inc.) [Docket No. 1293].

5. On November 1, 2005, the Debtor's confirmed Plan became effective in accordance with its terms and the Trust was established. Pursuant to Article VIII of the Plan, the Trustee has the obligation to make distributions to holders of Allowed Claims (as defined in the Plan) except to the extent such holders of Allowed Claims received a distribution from the Debtor or the Reorganized Debtor on account of such claims.

6. On May 25, 2006, the Reorganized Debtor and the Trustee filed their Final Report of the Debtor [Docket No. 1538] (the "Original Report").

7. The Motion listed three Minor Issues that had not been resolved as of the filing of the Motion and the Original Report. Since then, the Trustee has resolved each of the Minor Issues and has submitted to the Court stipulations and orders with respect thereto (the "Stipulations and Orders"). Pursuant to the Stipulations and Orders and as set forth in more detail therein, the Trustee has made or will be making distributions to the parties to the Minor Issues as part of the resolutions.

8. Once the distributions are made in accordance with the Stipulations and Orders, the Reorganized Debtor and the Trustee will have made all distributions to creditors required under the Plan.

9. Once the stipulations and orders resolving the Minor Issues are entered, there will be no motions, contested matters or adversary proceedings pending in or related to the Chapter 11 Case, and there are no disputed claims remaining against the Debtor.

10. Attached hereto as <u>Exhibit A</u> is the First Amended Chapter 11 Statistical Form, which incorporates the resolutions in the Stipulations and Orders.

11. Notice of this First Amended Final Report has been given to the Office of the United States Trustee for this district and all parties who received notice of the Original Report.

WHEREFORE, the Reorganized Debtor and Trustee respectfully request that this Court accept this First Amended Final Report and enter a Final Decree, in substantially the form attached as <u>Exhibit A</u> to the contemporaneously filed Motion, and grant such other and further relief as the Court deems just and proper.

TECHNEGLAS, INC.

/s/ Brenda K. Bowers
Robert J. Sidman (0017390)
Brenda K. Bowers (0046799)
VORYS, SATER, SEYMOUR & PEASE LLP
52 East Gay Street
PO Box 1008
Columbus, Ohio  43216-1008
Telephone:    (614) 464-6400
Facsimile:    (614) 719-4962
Email:        bkbowers@vssp.com

and

David L. Eaton (ARDC No. 3122303)
Marc J. Carmel (ARDC No. 6272032)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200
Email:        mcarmel@kirkland.com

Counsel for the Reorganized Debtor and the BMC Group ITF, Post Confirmation Estate (under the Post Confirmation Entity Agreement dated November 1, 2005)

3

**EXHIBIT A**

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## COLUMBUS, OHIO
## FIRST AMENDED CHAPTER 11 STATISTICAL FORM

Name of Debtor(s):  Techneglas, Inc.

Case Number:  04-63788          Name of Judge:  John E. Hoffman, Jr.

Address of Debtor(s):  727 East Jenkins Avenue

City, State, Zip:  Columbus, Ohio  43207

Social Security Number(s) or EIN(s):  22-2784100

    __X__    1.  Plan Confirmed    Approximately 67%    Dividend Paid or To Be Paid to Unsecured Creditors

    _____    2.  Plan Not Confirmed

    _____    Check if future payments are contemplated under Chapter 11 Plan but percentage dividend is not determinable

Report Prepared By:  Joseph D. Schaeufele     Telephone:  (614) 445-4757

Date Report Prepared:  June 20, 2006     Date Case Closed:  _____

| | | |
|---|---|---|
| $69,796,301 | | TOTAL DISTRIBUTION UNDER CHAPTER 11 (Total of Items 1-8)[1] |
| | | FEES AND EXPENSES |
| Not Applicable | 1. | Trustee Compensation (If Appointed) |
| Not Applicable | 2. | Fee for Attorney for Trustee |
| $11,765,245 | 3. | Other Professional Fees and all Expenses (Including Fee for Attorney for the Debtor)[2] |
| | | DISTRIBUTIONS[3] |
| $631,823 | 4. | Secured Claims |
| $16,957,124 | 5. | Priority Claims[4] |
| $17,307,109 | 6. | Unsecured Claims[5] |
| Not Applicable | 7. | Equity Security Interests (See 8.b.) |
| | 8. | Other Distributions |
| $23,135,000 | a. | To the Pension Benefit Guaranty Corporation |
| 100% of the Common Stock of Techneglas, Inc. (Reorganized Debtor) | b. | On account of Claims against and Equity Security Interests in the Debtor held by Nippon Electric Glass Co., Ltd. |

---

[1] The Total Distributions excludes the value of 100% of the Common Stock of Techneglas, Inc. received by Nippon Electric Glass Co., Ltd.
[2] This amount includes distributions to professionals retained in the chapter 11 case on account of their fees and expenses approved by the Bankruptcy Court.
[3] The "Distributions" do not include distributions to holders of claims with priority under 11 U.S.C. § 507(a)(1).
[4] This amount includes distributions to taxing authorities on account of "wage" claims that were Priority Claims.
[5] This amount includes distributions to taxing authorities on account of "wage" claims that were Unsecured Claims.